## TALIANICH v. DITTLER.
### No. 15068.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Oliver S. Livaudais, of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit on a promissory note secured by a chattel mortgage, claiming the sum of $100 with interest, attorneys' fees, etc., and from a judgment in his favor in the sum of $40 he has appealed.

On August 30, 1933, a written contract of partnership was executed between plaintiff and defendant whereby they were to conduct a restaurant and bar business under the name "French Market Cafe." The partnership capital was declared to be $1,400, to which, contemporaneously with the execution of the agreement, each partner contributed the sum of $700. On September 8, 1933, by authentic act, plaintiff sold defendant all of his right, title, and interest in the business, and particularly all of the stock, accounts, fixtures, furniture, leases, and licenses, etc., connected with the partnership. The consideration for the sale was $400, of which $300 was paid in cash, and for the balance of $100 the defendant executed her promissory note secured by chattel mortgage upon the partnership property. Defendant failed to pay the note at maturity, and this suit was filed to enforce collection of the note. Defendant did not deny the execution of the note or chattel mortgage, but by way of compensation or set-off contended that there were certain bills or debts owing by plaintiff aggregating $114.75, which she was forced to pay. She avers that she paid a bill for wine in the sum of $23.75, a bill for milk amounting to $6, and that certain fixtures, namely, a showcase valued at $25, a cash register valued at $35 and an ice box valued at $5, did not belong to the partnership, but to other persons who claimed them and took them away. She also contended that she was forced to pay certain licenses or permits amounting to the sum of $25.

 In rendering judgment in favor of plaintiff in the sum of $40, the trial judge appar-

ently allowed certain of defendant's claims and disallowed others; which he allowed and which he disallowed we are unable to determine. It is worthy of note that when the partnership agreement was entered into the value of the business and the physical properties belonging thereto was mutually agreed upon as $1,400, the share of each partner being $700. Plaintiff sold out to defendant for $400, which was $300 less than his interest cost him. Furthermore, being a partner in the business defendant knew or should have known as much about it as plaintiff; and, knowing what her own interest in said property amounted to, she certainly must have known the amount and extent of plaintiff's interest. She cannot now be heard to complain of the transaction with which she was fully familiar.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded plaintiff to $100, together with interest at the rate of 7 per cent. per annum from May 9, 1934, until paid, and 10 per cent. upon the said amount of principal and interest as attorney's fees, and all costs, and, as thus amended, it is affirmed.

Amended and affirmed.